IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2022

**STATE OF TENNESSEE v. STEPHEN V. WALKER**

**Appeal from the Criminal Court for Hamilton County**
**No. 166974    Barry A. Steelman, Judge**

---

**No. E2021-01115-CCA-R3-CD**

---

The pro se petitioner, Stephen V. Walker, appeals the Hamilton County Criminal Court's summary dismissal of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, and TOM GREENHOLTZ, JJ., joined.

Stephen V. Walker, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Hamilton County Criminal Court jury convicted the petitioner of armed robbery, for which the petitioner received a life sentence.  *State v. Jeffery Boozer and Stephen V. Walker*, No. 1061, 1988 WL 74604, at *1 (Tenn. Crim. App., Knoxville, July 21, 1988).  This court affirmed the petitioner's conviction on direct appeal, and our supreme court denied further review.  *Id.* at *1-3.

Since his direct appeal, the petitioner has collaterally attacked his conviction and sentence via multiple avenues.  First, he sought post-conviction relief on the ground of ineffective assistance of counsel.  *Steven Vincent Walker v. State*, No. 03C01-9205CR169, 1992 WL 371767, at *1-2 (Tenn. Crim. App., Knoxville, Dec. 17, 1992).  His petition was unsuccessful, and this court affirmed the denial of post-conviction relief.  *Id.*

Next, in November 2000, the petitioner sought habeas corpus relief,

> alleging that his sentence was illegal because: (1) he was improperly sentenced as a persistent offender; (2) his sentence was improperly enhanced because he did not receive the State's notice of intent to seek enhanced punishment; (3) the record of his prior criminal convictions relied upon to sentence him was inaccurate; and (4) his counsel was ineffective.

*Steve V. Walker v. State*, No. E2001-00322-CCA-R3-CD, 2002 WL 1162354, at *1 (Tenn. Crim. App., Knoxville, June 3, 2002). The trial court, construing the habeas corpus petition as a motion to correct an illegal sentence, denied relief, concluding that the petitioner's sentence was legal. *Id.* On appeal, this court affirmed the trial court's ruling, concluding that the Code authorized "a term of imprisonment of not less than ten years to life imprisonment . . . for the crime of robbery accomplished by the use of a deadly weapon." *Id.* at *2 (citing T.C.A. § 39-2-501(a) (1981) (repealed)). This court also concluded that "the fact that the [p]etitioner was on probation at the time he committed the offense justifies the classification of the offense as an especially aggravated offense," that "a defect in the notice of intent to seek sentence enhancement does not render an enhanced sentence illegal," and that the petitioner's disagreement with a trial court's "application of enhancement and mitigating factors" does not render a sentence illegal. *Id.* at *2-3.

The petitioner filed a second petition for a writ of habeas corpus, again arguing "that his sentence was not authorized by the 1982 Sentencing Act." *Steve V. Walker v. State*, No W2006-01170-CCA-R3-HC, 2007 WL 2935620, at *1 (Tenn. Crim. App., Jackson, Oct. 9, 2007). The habeas corpus court summarily dismissed the petition, "finding that the [p]etitioner's issues had already been addressed in his first petition for a writ of habeas corpus and that he failed to state a cognizable claim for relief." *Id.* This court again affirmed the denial of relief, reiterating that "a life sentence was within the applicable range of punishment for the offense," that the judgment's silence on release eligibility did not render the sentence illegal, that the petitioner's offense was correctly classified as an especially aggravated one, and that "the State gave timely notice that it intended to seek enhanced punishment." *Id.* at *3.

In August 2015, the petitioner moved to correct what he believed to be an illegal sentence under Tennessee Rule of Criminal Procedure 36.1, arguing that his life sentence exceeded the maximum punishment allowed for a Range II offender and that the trial court improperly weighed mitigating and enhancing factors. The trial court summarily dismissed the motion, concluding that "a misapplication of enhancing and mitigating factors does not render a sentence illegal" and that "the law in effect at the time of the [petitioner's] offense" permitted a life sentence for a conviction of robbery accomplished

-2-

by the use of a deadly weapon. The petitioner failed to file a timely notice of appeal, and the trial court denied his motion for a delayed appeal.

On July 9, 2021, the petitioner filed a second motion pursuant to Criminal Procedure Rule 36.1, arguing that his sentence is illegal because the trial court "erroneously enhanced" his sentence by applying certain enhancement factors in addition to the Class X felony provisions. *See* T.C.A. § 39-1-703 (1982) (repealed). The trial court denied the petitioner's motion for failure to state a colorable claim, citing "the reasons set forth in the 09/15/2015 order" denying the petitioner's first Rule 36.1 motion. The denial of this motion is the subject of the present appeal.

In this appeal, the petitioner again asserts that his sentence is illegal, arguing that his life sentence exceeds that which was permitted for a Range II offender at the time of his sentencing and that, even if a life sentence was statutorily permitted, the trial court improperly applied enhancement factors and imposed an excessive sentence. The petitioner also argues that the trial court erroneously sentenced him as a "persistent aggravated offender" and that the State erred in its notice to seek enhanced punishment.

Rule 36.1 provides the defendant and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

We note first that each of the petitioner's claims have been previously determined. In affirming the denial of habeas corpus relief and relief via Criminal Procedure Rule 36.1, this court twice concluded that the petitioner's life sentence did not exceed that which was permitted for the offense, that the trial court properly classified the offense as an especially aggravated one, that the State gave sufficient notice of its intent to seek an enhanced punishment, and that any error by the trial court in applying enhancement and mitigating factors did not render the sentence illegal. *See Steven V. Walker*, 2002 WL 1162354, at *2-3; *Steve V. Walker*, 2007 WL 2935620, at *3. The petitioner may not

continue to relitigate issues that have been previously determined. *State v. Ricky Flamingo Brown*, No. M2015-01754-CCA-R3-CD, 2016 WL 987641, at \*2 (Tenn. Crim. App., Nashville, Mar. 15, 2016) ("Rule 36.1 may not be used to relitigate those issues that have been previously determined."). We will, however, for the sake of clarity, explain in more detail why the petitioner's sentence is not illegal.

Although the petitioner is correct that the trial court wrongly classified him as a "persistent and aggravated offender" at the time of his sentencing, *see* T.C.A. § 40-35-106, -107, 108 (1982) (repealed) (providing for persistent offender or especially mitigated offender classifications and for designation of an *offense* as especially aggravated) (emphasis added), this error was corrected by the habeas corpus court. *See Steve V. Walker*, 2002 WL 1162354, at \*1. Because the erroneous classification of a defendant's offender status does not render a sentence illegal, *see Cantrell v. Easterling*, 346 S.W.3d 445, 450-51 (Tenn. 2011) (identifying errors in offender classification as appealable errors and not fatal ones), the habeas corpus court correctly identified the error as a clerical one and corrected the judgment pursuant to Tennessee Rule of Criminal Procedure 36. Furthermore, the trial court's misclassification of the petitioner as a "persistent and aggravated offender" did not result in a sentence outside the range permitted by statute and, consequently, did not entitle the petitioner to a new sentencing hearing.

Importantly, the petitioner was properly classified as a Range II offender. Even if the trial court erred by classifying him as a persistent offender as he claims, the Range II classification was nonetheless appropriate because he committed the present offense while on probation for prior convictions, which required the court to apply a Range II sentence. *See* T.C.A. § 40-35-107(3)(C) (1982) (repealed) (stating that "[a]n 'especially aggravated offense' is: . . . [a] felony committed while on . . . probation" and that "[a] defendant who is found to have committed an especially aggravated offense shall receive a sentence within Range II"). Again, a trial court's erroneous determination of an offender's classification does not render the sentence illegal for the purpose of Rule 36.1. *See Cantrell*, 346 S.W.3d at 450-51.

A life sentence was a permissible Range II sentence for a conviction of robbery accomplished by the use of a deadly weapon. The version of the Code in effect at the time of the petitioner's offense provided that "[a] 'Range II' sentence range shall be not less than the minimum sentence plus one-half (1/2) of the difference between the maximum sentence and the minimum sentence, and not more than the maximum sentence as provided by law." T.C.A. § 40-35-109(b) (1982) (repealed). A conviction for robbery accomplished by the use of a deadly weapon was punishable by "imprisonment for life or for any period of time not less than ten (10) years." *Id.* § 39-2-501(a) (1982) (repealed). A life sentence was "presumed to be sixty (60) years." *Id.* § 39-2-501(d)(1) (1982) (repealed). Thus, the minimum Range II sentence available for the petitioner was 35

years—10 years plus 25 years (one-half of 60 minus 10, *see* T.C.A. § 40-35-109(b) (1982) (repealed))—and the maximum sentence was life. Because the petitioner's life sentence is within the range permitted by statute, the petitioner's sentence is not illegal.

The petitioner also contends that because he was convicted of a Class X felony, the trial court was prohibited from applying enhancement factors under Code section 40-35-111 (1982) (repealed). This is simply incorrect. Although "[a] robbery accomplished by the use of a deadly weapon is a Class X felony," *see* T.C.A. §§ 39-1-702(5), 39-2-501(b) (1982) (repealed), the Class X felony designation is not itself a sentence enhancement. Rather, the Class X designation required that the sentence be served pursuant to certain conditions, including that the sentence was to be "determinate in nature," "[n]ot be subject to reduction for good, honor or incentive or other sentence credit of any sort," "[t]erminate or expire only after service of the entire sentence, day for day," and "[n]ot be included in any pre-trial diversion program." T.C.A. § 39-1-703 (1982) (repealed). None of these conditions related to the length of sentence the trial court could impose, and the trial court was not prohibited from applying enhancement factors to determine the length of the petitioner's sentence. Moreover, it is well-settled that a trial court's misapplication of enhancement or mitigating factors does not render a sentence illegal for the purpose of Rule 36.1. *Wooden*, 478 S.W.3d at 595-96 (identifying errors in the application of enhancement or mitigating factors as appealable errors and not fatal ones).

Finally, even if the State failed to give sufficient notice of its intent to seek enhanced punishment, such an error would not render the petitioner's sentence illegal and, consequently, would not merit relief under Rule 36.1. *See State v. Juan LaSean Perry*, No. M2020-01169-CCA-R3-CD, 2021 WL 4770255, at *3 (Tenn. Crim. App., Nashville, Oct. 13, 2021) ("An error regarding the notice to seek enhanced punishment does not render a sentence illegal under Rule 36.1." (citing *State v. Atlanta Pearl Hardy*, No. M2017-00537-CCA-R3-CD, 2017 WL 3492060, at *2 (Tenn. Crim. App., Nashville, Aug. 16, 2017)).

Accordingly, we affirm the trial court's judgment.

_____
JAMES CURWOOD WITT, JR., JUDGE